Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000248
30-APR-2018
08:01 AM

NO. CAAP-17-0000248

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


THE BANK OF NEW YORK MELLON FKA
THE BANK OF NEW YORK, AS TRUSTEE FOR THE
CERTIFICATE-HOLDERS OF CWALT, INC.,
ALTERNATIVE LOAN TRUST 2007-15CB, MORTGAGE
PASS-THROUGH CERTIFICATES, SERIES 2007-15CB,
Plaintiff-Appellee, v. GALILEE MARAEA LANIAKEA CHEE,
Defendant-Appellant, and MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC., BANK OF AMERICA, N.A.,
Defendants-Appellees, and JOHN DOES 1-20;
JANE DOES 1-20; DOE CORPORATIONS 1-20; DOE
ENTITIES 1-20; and DOE GOVERNMENTAL UNITS 1-20, Defendants


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 14-1-1343)


SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Chan, JJ.)

Defendant-Appellant Galilee Maraea Laniakea Chee (**Chee**) submitted a notice of appeal on March 23, 2017, which was filed on March 28, 2017, and which does not designate the specific judgment or order appealed from.

It appears, however, from the record on appeal, that on December 14, 2015, the Circuit Court of the First Circuit

(Circuit Court)[1] entered an order granting Plaintiff-Appellee The Bank of New York Mellon fka the Bank of New York's, as Trustee for the Certificate Holders of CWALT, Inc., Alternative Loan Trust 2007-15CB, Mortgage Pass-Through Certificates, Series 2007-15CB (**Bank of New York**), motion for summary judgment and interlocutory decree of foreclosure (**Foreclosure Decree**), that a judgment in favor of Bank of New York and against Chee was entered on the Foreclosure Decree on December 14, 2015 (**Original Judgment**), and that an amended judgment on the Foreclosure Decree was entered on November 14, 2016 (**Amended Judgment on Foreclosure Decree**). Chee did not timely file a notice of appeal from either the Original Judgment or the Amended Judgment on Foreclosure Decree.

On February 22, 2017, the Circuit Court entered an order granting Bank of New York's motion to confirm the sale of the foreclosed property (**Order Confirming Sale**), as well as a Writ of Possession, and a Hawaiʻi Rules of Civil Procedure Rule 54(b) certified judgment on the Order Confirming Sale (**Judgment on Order Confirming Sale**). Thereafter, on March 23, 2017, Chee submitted her notice of appeal, which was timely with respect to the Judgment on Order Confirming Sale.

Pursuant to Hawaii Revised Statutes (HRS) § 667-51(a)(2)[2], this court's appellate jurisdiction over Chee's appeal

---

[1]    The Honorable Bert I. Ayabe presided.

[2]    HRS § 667-51 (2016) provides in relevant part:

§667-51 **Appeals.** (a) Without limiting the class of orders not specified in section 641-1 from which appeals may
(continued...)

is limited to the Judgment on Order Confirming Sale and those orders that were part of the series of orders that collectively led directly to the Judgment on Order Confirming Sale. See, e.g., Cook v. Surety Life Ins. Co., 79 Hawai'i 403, 409, 903 P.2d 708, 714 (App. 1995); Riethbrock v. Lange, 128 Hawai'i 1, 17, 282 P.3d 543, 559 (2012); see also Mortg. Elec. Registration Sys., Inc. v. Wise, 130 Hawai'i 11, 17, 304 P.3d 1192, 1198 (2013) ("Because the time for appealing the judgment of foreclosure passed without an appeal being taken, that judgment became final and Respondent's right to foreclose was finally decided in its favor.").

Chee's appellate briefs do not identify any specific points of error and Chee does not appear to make any argument on appeal regarding the confirmation of the foreclosure sale. Chee's discernable contention appears to be that Bank of New York "failed to produce the Original Deed and Mortgage . . . with original signatures," which does not appear to challenge the confirmation of the foreclosure sale. Nor does Chee cite to any authority indicating that Bank of New York was required to

---

[2](...continued)
also be taken, the following orders entered in a foreclosure case shall be final and appealable:
    (1)    A judgment entered on a decree of foreclosure . . .
    (2)    A judgment entered on an order confirming the sale of the foreclosed property, if the circuit court expressly finds that no just reason for delay exists, and certifies the judgment as final pursuant to rule 54(b) of the Hawaii rules of civil procedure; and
    (3)    A deficiency judgment . . . .
    (b) An appeal shall be taken in the manner and within the time provided by the rules of court.

Pursuant to Hawai'i Rules of Appellate Procedure Rule 4(a)(1), appeals in civil cases "shall be filed within 30 days after entry of the judgment or appealable order."

produce the original, executed deed and mortgage to obtain confirmation of the foreclosure sale, and we find none.

Although Chee's position regarding jurisdiction is unclear, insofar as Chee argues that she is not subject to the government and courts of the State of Hawai'i, we reject this contention.  See State v. Kaulia, 128 Hawai'i 479, 487, 291 P.3d 377, 385 (2013) (reaffirming, "'whatever may be said regarding the lawfulness' of its origins, 'the State of Hawai'i is now, a lawful government.'" (internal brackets and ellipses omitted) (quoting State v. Fergerstrom, 106 Hawai'i 43, 55, 101 P.3d 652, 664 (App. 2004), aff'd, 106 Hawai'i 41, 101 P.3d 225 (2004))).

Chee's remaining arguments are indiscernible or appear to be directed at matters over which we have no appellate jurisdiction.

For these reasons, we affirm the Circuit Court's February 22, 2017 Judgment on Order Confirming Sale.

DATED: Honolulu, Hawai'i, April 30, 2018.

On the briefs:

Galilee Maraea Laniakea Chee,
Defendant-Appellant, Pro Se.

Peter T. Stone,
(TMLF Hawaii, LLLC)
Daisy Lynn B. Hartsfield,
Of Counsel
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge